UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent, v. MARCOS SOTO GONZALEZ, Movant. | No. 2:13-cr-0341 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising four claims of ineffective assistance of counsel. Respondent's motion to dismiss is before the court. As discussed below, the undersigned recommends that the motion to dismiss be granted.

II. Background

In October of 2013, movant was indicted for conspiring to manufacture at least 1,000 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 12 at 1-2.) If convicted of this offense as charged, movant would face a mandatory minimum sentence of ten years in prison. 21 U.S.C. § 841(b)(1)(A)(vii).

On December 16, 2014, movant pled guilty to a superseding information in which he was charged with a violation of 21 U.S.C. §§ 846 and 841(a)(1), one count of conspiring to

1

manufacture at least 100 marijuana plants. (ECF No. 38; 42 at 1.) The reduced plant count exposed movant to a five year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B)(vii). Although the government recommended that movant be sentenced to the low end of the sentencing guidelines, such recommendation included the mandatory statutory minimum term. (ECF No. 42 at 4.) In addition, the plea agreement expressly provided for an increased two-level adjustment based on movant's possession of a firearm during the offense. (ECF No. 42 at 6.)

On June 9, 2015, movant was sentenced to 60 months in prison, followed by 48 months of supervised release (unsupervised if movant was deported). (ECF No. 49.)

On June 12, 2015, the final judgment of conviction was entered. (ECF No. 50.)

Movant did not file an appeal.

The instant motion was filed by movant on May 24, 2017.[1]

On September 13, 2017, respondent filed a motion to dismiss. Movant did not file an opposition.

III. Standards

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. Dillon v. United States, 560 U.S. 817, 821 (2010); United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009).

IV. Statute of Limitations

Respondent argues that the motion is time-barred since it was filed after the one-year statute of limitations for filing a § 2255 motion.

A motion for § 2255 relief must be brought within one year from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The motion was signed by movant on either May 24 or May 25, 2017. Giving movant the benefit of the doubt, the court finds the motion was filed on May 24, 2017, under the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015).

Under § 2255(f)(1), a § 2255 motion must be brought within one year after the "judgment of conviction becomes final." The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

Because movant did not file an appeal, his conviction became final fourteen days after judgment was entered. Fed. R. App. P. 4(b). Therefore, the statute of limitations period began to run on Friday, June 26, 2015, and expired on Sunday, June 26, 2016. Because the deadline expired on a Sunday, movant had until June 27, 2016, to file his motion. However, the instant motion was filed by movant on May 24, 2017, almost eleven months after the limitations period expired, and is untimely.[2] Therefore, the undersigned recommends that respondent's motion to dismiss be granted on the grounds that movant's motion is barred by the statute of limitations.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 102) be granted;

2. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 90) be dismissed as barred by the statute of limitations; and

3. The Clerk of the Court be directed to close the companion civil case No. 2:17-cv-1177 JAM KJN P.

---

[2] Movant filed no opposition to the motion, and makes no argument in support of equitable tolling in his motion, and the undersigned cannot find any grounds to support a claim for equitable tolling. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004) (in appropriate circumstances, the statute of limitations in § 2255 may be subject to equitable tolling).

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 31, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gonz0341.257.sol

4